ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAR 21 PM 2:07
CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALVIN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-105 |
| ) | |
| FNU MORALES, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) FNU Morales, the Warden at JSP; (2) FNU Hall, a Sergeant at JSP; and (3) FNU Hurst, an officer at JSP. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that, on August 8, 2012, he was "physically assaulted and abused" by Defendants Hall and Hurst "during the noon chow call." (Id. at 5.) More

specifically, Plaintiff alleges that Defendant Hurst beat him on the "right back side of his body" using handcuffs, and that Defendant Hall shortly thereafter joined Defendant Hurst in beating and kicking Plaintiff while he was on the ground. (Id.) Plaintiff alleges that, after Defendants Hall and Hurst had continued to beat and kick him in that manner for an unspecified length of time, they handcuffed him, "snatched [him] up by the handcuffs," and shoved him face first into either a concrete wall or door, which Plaintiff alleges caused injury to his face. (Id.) Plaintiff alleges that Defendants Hall and Hurst administered the beating "for no apparent reason other than to exercise their authority." (Id.)

In his request for relief, Plaintiff makes reference to the "extensive injuries" that he allegedly suffered as a result of the beating and, furthermore, alleges that he now suffers from a diminished ability to "perform labor to sustain a means of living." (Id. at 6.) Accordingly, Plaintiff requests monetary damages in the amount of $540,000.00. (Id.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendant Morales.

First, Plaintiff does not mention Defendant Morales in his complaint aside from naming him in the caption of the complaint. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district

2

court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant Morales and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against him. On that basis, Defendant Morales should be dismissed.

Moreover, Plaintiff's claim against Defendant Morales is also inadequate to the extent that Plaintiff is attempting to hold him responsible for the acts of Defendants Hall and Hurst, against whom Plaintiff directs allegations of excessive force. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, supervisors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor] which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged

3

constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendant Morales is in the caption of Plaintiff's complaint, and nowhere does Plaintiff mention that he actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendant Morales and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Morales.

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Morales.

III. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Morales be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 21st day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] In a simultaneously issued Order, the Court has directed that service of process be effected on Defendants Hall and Hurst based on Plaintiff's Eighth Amendment claim for excessive force.

5