ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 12 AM 11: 46
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALVIN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-105 |
| | ) | |
| SGT. TERRANCE HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Presently before the Court is Defendants' motion to dismiss the case for failure to prosecute or as a discovery sanction. (Doc. no. 28.) Defendants have also filed a motion for summary judgment (doc. no. 25), and Plaintiff has filed a motion for entry of default and a motion to appoint counsel (doc. nos. 29, 31). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions be **DENIED**, that Defendant's motion to dismiss be **GRANTED** and this case **DISMISSED** without prejudice, that Defendant's motion for summary judgment therefore be **DEEMED MOOT**, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In the complaint, filed on December 10, 2012, Plaintiff raises claims for excessive force based on events alleged to have occurred on August 8, 2012. (Doc. no. 1.) The

Court screened the complaint, dismissing one Defendant and directing that service of process be effected as to Defendants Hall and Hurst. (Doc. nos. 9, 13.) On October 10, 2013, Plaintiff filed a motion for a protective order, requesting that he be relieved of his obligation to respond to Defendants' discovery requests. (Doc. no. 22.) The Court denied the motion by Order on November 6, 2013, and directed Plaintiff to serve his responses to Defendants' discovery requests within fourteen days. (Doc. no. 24.) The Court reopened discovery through November 22, 2013 for this limited purpose, and extended the deadline for filing motions for summary judgment to December 6, 2013. (Id.) On December 5, 2013, Defendants filed their motion for summary judgment. (Doc. no. 25) Four days later, on December 9, 2013, Defendants filed the instant motion to dismiss for failure to prosecute or as a discovery sanction for failure to comply with a court order. (Doc. no. 28.) Defendants claim that Plaintiff has failed to provide responses to their discovery requests as ordered, and instead attempted to serve a set of discovery requests on Defendants. (Doc. no. 28-1, p. 2; doc. no. 28-3.)

Although Plaintiff filed a motion for entry of default and a second motion to appoint counsel (doc. nos. 29, 31), he did not file responses to Defendants' motion for summary judgment or motion to dismiss. Therefore, on January 13, 2014, the Court issued an Order in which it stated that it would first address Defendants' motion to dismiss, and ordered Plaintiff to file a response within fifteen days. (Doc. no. 33.) The time to respond has now passed, and as Plaintiff has not submitted a response, Defendants' motion to dismiss is deemed unopposed. See Loc. R. 7.5.

## II. DISCUSSION

### A. Plaintiff's Case Is Subject to Dismissal as a Sanction for Failing to Obey the Court's Discovery Order.

Fed. R. Civ. P. 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." Id.; see also Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Here, Plaintiff's refusal to respond to Defendants' discovery requests despite the Court's Order that he do so amounts to a willful failure to obey a court order to provide discovery. His attempt to serve his own discovery requests, instead of responding to Defendants' as ordered, further indicates his willful refusal to comply with the Court's discovery order. Plaintiff has obviously been able to communicate with the Court and

3

Defendants, as evidenced by the unrelated motions he has since filed.[1] As such, Plaintiff has manifested no intention of fulfilling his discovery obligations. Plaintiff's subsequent failure to obey the Court's Order directing him to respond to Defendants' motion to dismiss only further demonstrates his unwillingness to cooperate in the efficient progress of this case. Because Plaintiff is proceeding IFP, the imposition of monetary sanctions is not feasible. Therefore, dismissal is warranted as a discovery sanction under Fed. R. Civ. P. 37(b)(2), and Defendants' motion to dismiss should therefore be **GRANTED**.

### B. Plaintiff's Case Is Also Subject to Dismissal for Failure to Prosecute.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v.

---

[1] In his motion for default judgment, Plaintiff claims Defendants failed to file answers to his complaint. (Doc. no. 29, p. 2.) Because Defendants filed a joint answer (doc. no. 17), Plaintiff is mistaken and his motion should be **DENIED** (doc. no. 29). In his motion for appointment of counsel, Plaintiff simply states that he "can't fight all these attorneys by [himself]." (Doc. no. 31, p. 1.) However, as the Court explained in its Order denying Plaintiff's first motion for counsel (doc. no. 14), only exceptional circumstances justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Here, Plaintiff's case is not so novel or complex as to justify appointment of counsel and, despite his recalcitrance in complying with discovery, Plaintiff has shown himself capable of presenting its essential merits. See id.; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Therefore, Plaintiff's second motion to appoint counsel should also be **DENIED** (doc. no. 31).

4

Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, as stated above, Plaintiff failed to comply with the Court's November 6th Order directing him to submit discovery responses. Plaintiff did not respond to Defendants' motion for summary judgment or motion to dismiss, and also failed to comply with the Court's January 13th Order directing him to respond to the motion to dismiss. Plaintiff's conduct amounts not only to failure to prosecute and to comply with court orders, but also to an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rule. Therefore, dismissal is also warranted under Loc. R. 41.1(c) for failure to prosecute, providing another basis on which to grant Defendants' motion to dismiss. Equity, 556 F.3d at 1240; Owens, 331 F. App'x at 655.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

### III. CONCLUSION

The Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions be **DENIED** (doc. nos. 29, 31), that Defendant's motion to dismiss be **GRANTED** (doc. no. 28) and this case **DISMISSED** without prejudice, that Defendant's motion for summary judgment therefore be **DEEMED MOOT** (doc. no. 25), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE