ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 APR 21 P 2:59
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALVIN DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CV 312-105 |
| SGT. TERRANCE HALL, et al., | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 36.) The Magistrate Judge recommended granting Defendants' motion to dismiss because of Plaintiff's failure to obey discovery orders and to prosecute this case. (Doc. no. 34.) The Magistrate Judge also recommended that Defendants' motion for summary judgment be deemed moot, and that Plaintiff's motions for entry of default and for appointment of counsel be denied. (Id.)

In his objections, Plaintiff argues that he needs more time to "fight [his] case" because he is without counsel, and that he has been denied due process. (Doc. no. 36, pp. 1-3.) Plaintiff does not, however, provide any explanation for his failure to comply with the Magistrate Judge's Orders or to respond to Defendants' motions as directed. Furthermore, the Magistrate Judge addressed Plaintiff's request for appointment of counsel in the R&R. (Doc. no. 34, p. 4 n.1.) Plaintiff's objections thus do not provide any reason to deviate from the Magistrate Judge's conclusions and are **OVERRULED**.

Since filing his objections, Plaintiff has also submitted a motion requesting a temporary restraining order or preliminary injunction against Defendant Hurst and Johnson State Prison's "cert team" and administrative staff. (Doc. no. 38, pp. 1-2.) A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

As an initial matter, the Court only has jurisdiction over named defendants who have been properly served. See E.A. Renfroe & Co. v. Moran, 338 F. App'x 836, 838-39 (11th Cir. 2009) (*per curiam*) ("[A] court may not enter an injunction against a person who has not been made a party to the case before it." (internal quotation and citation omitted)); see also Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03-11580 (Table), 2004 WL 503604 (11th Cir. Mar. 2, 2004). Here, the cert team and administrative staff at Johnson State Prison are not parties to this lawsuit, and thus the Court does not have jurisdiction to grant the requested relief against them.

Additionally, Plaintiff has failed to meet his burden of persuasion as to the above-stated requirements. Plaintiff claims that Defendant Hurst, the cert team, and the administrative staff at his facility are "picking at [him]" and harassing him by taking his things and "trying to put him in the hole." (Doc. no. 38, pp. 1-2.) He attaches a grievance in which he raised similar complaints and requested that staff "stop trying to look for something!" (Id. at 4.) Plaintiff also alleges that "legal mail do not sometime go out on the same day he send it out [sic]." (Id. at 3.) These allegations, however, do not amount to any irreparable injury, no less one that would outweigh the damage of the proposed injunction, and Plaintiff likewise offers nothing to suggest that such an injunction would not be adverse to the public interest. See McDonald's Corp., 147 F.3d at 1306. He has therefore failed to satisfy the required elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). Thus, the Court **DENIES** Plaintiff's motion for a temporary restraining order or preliminary injunction. (Doc. no. 38.)

In sum, the R&R is **ADOPTED** as the opinion of the Court. Accordingly, the Court **DENIES** Plaintiff's motions for entry of default and appointment of counsel (doc. nos. 29, 31), **GRANTS** Defendants' motion to dismiss (doc. no. 28) and **DISMISSES** this case without prejudice, Defendants' motion for summary judgment is therefore **DEEMED MOOT** (doc. no. 25), and this civil action is **CLOSED**.

SO ORDERED this 21st day of April, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3